IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SYLAN CHANG** | § | |
| | § | |
| *Plaintiff,* | § | C.A. NO. _____ |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **TAYLOR MORRISON OF TEXAS, INC.** | § | |
| **AND TAYLOR MORRISON, INC.** | § | |
| | § | |
| *Defendants .* | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF SYLAN CHANG (hereinafter "Chang" or "Plaintiff") brings this suit against and complains of TAYLOR MORRISON OF TEXAS, INC. and TAYLOR MORRISON, INC. hereinafter "TAYLOR MORRISON" or "Defendants"), as follows:

### A. PARTIES

1. Plaintiff Sylan Chang is an individual, who is a citizen of the State of Texas.

2. Defendant Taylor Morrison of Texas, Inc. is a domestic for-profit corporation that may be served through its registered agent National Registered Agents, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234 or wherever it may be found.

3. Defendant Taylor Morrison, Inc. is a foreign for-profit corporation that may be served through its registered agent National Registered Agents, Inc., 2390 E. Camelback Road, Phoenix, Arizona 85016 or wherever it may be found.

**B.     JURISDICTION AND VENUE**

3.     This action arises under the laws of the United States, specifically (1) Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Acts of 1991; (2) 42 U.S.C. § 2000e-5(f)(1) and (3); (3) 42 U.S.C.§ 1981.  Accordingly, this Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1331.

**C.     EXHAUSTION OF ADMINISTRATIVE PROCEDURES**

4.     Plaintiff timely filed with the Equal Employment Opportunity Commission, hereinafter "EEOC", a charge of race and national origin discrimination and retaliation against Taylor Morrison.  Plaintiff received a notice of right to sue from the EEOC within ninety (90) days of filing this complaint.

**D.     STATEMENT OF FACTS**

5.     Plaintiff Sylan Chang is an Asian American female who was employed with Taylor Morrison from on or about March 21, 2011 to May 8, 2012.  Plaintiff was hired as a Senior Sales Associate.

6.     Plaintiff's supervisor was Area Sales Manager for the Houston Division, Jim Ellison. Ellison's director supervisor was Amy Haywood, Vice President of Sales and Marketing for Houston Division. Both of Plaintiff's supervisors were Caucasian.

7.     On numerous occasions, Plaintiff Chang complained both via email and verbally to Ellison and Haywood about a co-worker, Caucasian, David Rives referring to her as the "little Asian lady" to other employees, buyers, and prospects, being hostile towards her both physically and over the phone.  However, their response was one of indifference.

8.      Moreover, Ms. Haywood, made it a point to mention that the "Asian culture is difficult to work with".

9.      Finally, on May 4, 2012, Plaintiff Chang sent what was to be her final complaint regarding co-worker David Rives.  She complained to Jim Ellison in an email that Rives yelled at her and spoke to her in a demeaning manner.  She also stated that the environment caused by Mr. Rives was hurting her ability to perform her job.

10.     Days later, after complaining to her supervisors of race and national origin discrimination, on May 8, 2012, Plaintiff Chang became a victim of retaliation and was terminated.

11.     Following her termination, Plaintiff filed a Charge of Discrimination/Retaliation with the EEOC..

### E.     CAUSES OF ACTION

**Count No. 1-Race Discrimination and Retaliation Under Title VII of the Civil Rights Act**

12.     Plaintiff repeats and re-alleges paragraphs 1 through 11 with the same force and effect as though fully set forth herein.

13.     Defendants' actions demonstrate that they have engaged in racial discrimination and retaliatory practices with malice or with reckless indifference to Plaintiff's protected rights and is in violation of Title VII of the Civil Rights Act.  Following her complaints of racial discrimination and harassment, Plaintiff became a victim of retaliation and was ultimately terminated.

14.     In addition, Plaintiff avers that Defendnats' unlawful race discrimination and retaliatory actions on account of her reporting and opposing the ongoing discrimination violates the provisions and is in violation of Title VII justifying an award, *inter alia*, of compensatory and punitive damages against Defendants .

15.     Such discrimination and retaliation has caused Plaintiff to suffer damages of severe emotional distress, lost wages, including raises, retirement benefits, loss of promotion, and other benefits associated as Plaintiff has been subjected to adverse employment actions as a result of the discrimination and retaliation.  Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and reported discriminatory behavior and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

16.     Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated and retaliated against by Defendants .  Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendants' retaliatory practices and they will continue unless and until this Court grants relief.

## Count No. 2-Racial Discrimination and Retaliation Under Reconstruction Civil Rights Acts, 42 U.S.C. § 1981

17.     Plaintiff repeats and re-alleges paragraphs 1 through 16 with the same force and effect as though fully set forth herein.

18.     Defendants' intentional racial discrimination against Plaintiff as well as the pattern and practice of this are in violation of the Reconstruction Civil Rights Acts, 42 U.S.C. § 1981. Defendants' retaliation against Plaintiff as well as the pattern and practice of this are in violation of the Reconstruction Civil Rights Acts, 42 U.S.C. § 1981 as well.  Such discrimination and retaliation has caused Plaintiff to suffer damages of severe emotional distress, lost wages,

including raises, retirement benefits, loss of promotion, and other benefits associated as Plaintiff has been subjected to adverse employment actions as a result of the discrimination and retaliation.

19. Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff and other racial minorities to "have the same right…to make and enforce contracts… as is enjoyed by other citizens" and to the intent of the statute to protect victims from unequal treatment.  Such malicious or reckless indifference warrants an award, *inter alia*, of compensatory and punitive damages, as are authorized by law for 42 U.S.C. § 1981 violations.

### Count No. 3-National Origin Discrimination and Retaliation Under Title VII of the Civil Rights Act

20. Plaintiff repeats and re-alleges paragraphs 1 through 19 with the same force and effect as though fully set forth herein.

21. Defendants' actions demonstrate that they have engaged in national origin discrimination and retaliatory practices with malice or with reckless indifference to Plaintiff's protected rights and is in violation of Title VII of the Civil Rights Act.  Following her complaints of national origin discrimination and harassment, Plaintiff became a victim of retaliation and was ultimately terminated.

22. In addition, Plaintiff avers that Defendants' unlawful national origin discrimination and retaliatory actions on account of her reporting and opposing the ongoing discrimination violates the provisions and is in violation of Title VII justifying an award, *inter alia*, of compensatory and punitive damages against Defendants .

23. Such discrimination and retaliation has caused Plaintiff to suffer damages of severe emotional distress, lost wages, including raises, retirement benefits, loss of promotion, and other

benefits associated as Plaintiff has been subjected to adverse employment actions as a result of the discrimination and retaliation. Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and reported discriminatory behavior and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

24.     Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated and retaliated against by Defendants . Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendants' retaliatory practices and they will continue unless and until this Court grants relief.

## Count No. 4-Hostile Work Environment Under Title VII of the Civil Rights Act

25.     Plaintiff repeats and re-alleges paragraphs 1 through 24 with the same force and effect as though fully set forth herein.

26.     Plaintiff was subjected to a hostile work environment based upon her race and national origin. She belongs to a protected class, Asian, she was subject to unwelcome harassment, the harassment was based upon her membership in the protected class, the harassment affected a term, condition or privilege of their employment and Taylor Morrison knew or should have known of the harassment and failed to take prompt remedial action.

27.     The facts demonstrating that Plaintiff was subjected to a hostile work environment based on race and national origin, Asian, include the following: Plaintiff is an Asian American. From the moment David Rives was hired to work with Plaintiff Chang, he began making derogatory

comments to her, referring to her as the little Asian lady, yelling at her, and speaking to her in a very demeaning manner. The harassment affected a term, condition, or privilege of the Plaintiff's employment, in that it was sufficiently severe or pervasive to create a work environment that is both subjectively and objectively abusive, i.e., one that Plaintiff perceived as abusive and one that a reasonable person would find hostile or abusive.

### F. DEMAND FOR A JURY

28. Plaintiff demands a jury trial.

### G. DAMAGES

29. Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court. These include her past and future loss of higher wages, raises, and or bonuses. Plaintiff also seeks an award of damages for her mental anguish and the losses she has suffered and continues to suffer.

30. Further, because the Defendants' acts and omissions were committed with malice and/or with reckless disregard of the consequences, they justify the imposition of exemplary damages in addition to the compensatory damages to which Plaintiff is entitled. A reasonable amount for exemplary damages in this case should take into consideration the need to deter future conduct of this type.

31. Plaintiff also seeks compensation for the out-of-pocket expenses, attorney's fees, and costs of Court she will have incurred in this action.

32. Plaintiff believes that a jury should put a dollar value on these damages after it hears the evidence.

### H. PRAYER

33. For these reasons, Plaintiff Sylan Chang prays that Defendants be cited to appear and

answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

    a) An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

    b) Loss of earnings sustained by Plaintiff from date of discrimination and retaliation to date of trial;

    c) Loss of earning and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

    d) Mental anguish, embarrassment, inconvenience, pain and suffering sustained by Plaintiff from the date they were discriminated against to the end of trial;

    e) Mental anguish, embarrassment, inconvenience, pain and suffering reasonably anticipated to be suffered by Plaintiff in the future;

    f) Actual damages suffered by Plaintiff, past and future;

    g) Past and future medical expenses;

    h) Punitive and exemplary damages; and

    i) Pre-judgment interest at the highest rate allowed by law;

    j) Post-judgment interest at the highest rate allowed by law;

    k) A judgment against the Defendants for compensatory damages; and

    l) Such other relief, legal or equitable, as may be warranted.

- 9 -

    Respectfully submitted:

    **MOORE & ASSOCIATES**

    By: /s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Rochelle Owens
    State Bar No. 24048704
    Lyric Centre
    440 Louisiana, Suite 675
    Houston, Texas  77002
    Telephone: 713.222.6775
    Facsimile: 713.222.6739

    **ATTORNEYS FOR PLAINTIFF**